HON. KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,               )
                                          )        No. 2:22-cv-00848-KKE
          Plaintiff,                      )
     v.                                   )        CONSENT DECREE
                                          )
PACIFIC PILE & MARINE, L.P.,              )
                                          )
          Defendant.                      )
                                          )
_____     )

## I.    STIPULATIONS

WHEREAS, Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") filed a complaint on June 16, 2022 against Pacific Pile & Marine, L.P. ("Pacific Pile") (Dkt. 1) alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*., relating to discharges of stormwater and other pollutants from Pacific Pile's heavy marine construction facility at 523, 582, 620, 700, and 707 South Riverside Drive and 740 South Holden Street, Seattle, WA 98108, including an unnumbered lot at the eastern terminus of South Riverside Drive, covered under NPDES permit no. WAR301516 (the "Facility"), and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

CONSENT DECREE
No. 2:22-cv-00848-KKE
1

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1

2      WHEREAS, Pacific Pile denied Soundkeeper's allegations.

3      WHEREAS, Soundkeeper and Pacific Pile (the "Parties") agree that settlement of these

4  matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is

5  the most appropriate means of resolving this action.

6      WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial,

7  adjudication, or admission of any issues of fact or law regarding Soundkeeper's claims or

8  allegations set forth in its complaint and its sixty-day notice.

9      DATED this 30th day of October, 2023.

10  SCHWABE, WILLIAMSON & WYATT, P.C.          SMITH & LOWNEY, PLLC

11  By _____                By _____
    Connie Sue Martin, WSBA #26525            Richard A. Smith, WSBA #21788
12  Michael J. Mahoney, WSBA #58906           Alyssa Koepfgen, WSBA #46773
    Attorneys for Defendant Pacific Pile &    Katelyn J. Kinn, WSBA #42686
13  Marine, L.P.                              Savannah Rose, WSBA #57062
                                              Attorneys for Plaintiff Puget Soundkeeper Alliance
14

15  PACIFIC PILE & MARINE, L.P.               PUGET SOUNDKEEPER ALLIANCE

16  By _____                By _____
       Wilbur "JC" Clark                        Sean Dixon
17     Chief Operating Officer                   Executive Director

18                    **II.    ORDER AND DECREE**

19      THIS MATTER comes before the Court upon the Parties' Joint Motion for Entry of Consent

20  Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the

21  promises set forth below, the Court hereby GRANTS the parties' motion (Dkt. No. 58) and

22  ORDERS, ADJUDGES, and DECREES as follows:

23

CONSENT DECREE
No. 2:22-cv-00848-KKE
2

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1

2    1.    This Court has jurisdiction over the Parties and subject matter of this action.

3    2.    Each signatory for the Parties certifies for that party that he or she is authorized to

4    enter into the agreement set forth herein and to legally bind the party or parties, their successors in

5    interest, and assigns of the Parties.

6    3.    This Consent Decree applies to and binds the Parties and their successors and

7    assigns.

8    4.    This Consent Decree and any injunctive relief ordered within applies to the

9    operation, oversight, or both by Pacific Pile of the Facility.

10    5.    This Consent Decree is a full and complete settlement and release of all the

11    claims in the complaint and the sixty-day notices and all other claims known or unknown

12    existing as of the date of entry of the Consent Decree that could be asserted under the Clean

13    Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. Upon termination

14    of this Consent Decree, these claims are released and dismissed with prejudice. Pacific Pile's

15    payment of attorney's fees and litigation costs set forth in paragraph 11 of the Consent Decree

16    will be in full and complete satisfaction of any claims Soundkeeper and Smith & Lowney,

17    PLLC have or may have, either legal or equitable, known or unknown, and of any kind or

18    nature whatsoever, for fees, expenses, and costs incurred in the litigation. Enforcement of this

19    Consent Decree is Soundkeeper's exclusive remedy for any violation of its terms.

20    6.    This Consent Decree is a settlement of disputed facts and law. It is not an admission

21    or adjudication regarding any allegations by Soundkeeper in this case or of any fact or conclusion

22    of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of

23

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Pacific Pile, contractors, customers, or other third parties. Pacific Pile agrees to the terms and conditions identified below in paragraphs 7-20 in full and complete satisfaction of all the claims covered by this Consent Decree:

7.      Injunctive Relief:

    a.   Pacific Pile will adhere to the requirements of the Clean Water Act at the Facility and the terms and conditions of the Industrial Stormwater General Permit ("ISGP") and any successor or modified permits.

    b.   For the life of the Consent Decree, Pacific Pile will, on a monthly basis, electronically forward to Soundkeeper copies of all submissions and written communications to and/or from Ecology related to Pacific Pile's ISGP coverage for the Facility, provided that Pacific Pile may instead electronically carbon copy Soundkeeper on such submissions and written communications when possible.

    c.   Pacific Pile will submit to Ecology and Soundkeeper a complete Level Three Corrective Action engineering report for the Facility by no later than January 31, 2028.

        i.   Pacific Pile must provide Soundkeeper with a draft of the Level Three Corrective Action engineering report prior to its submittal to Ecology. Pacific Pile must allow Soundkeeper fourteen (14) days to review the draft, during which time Soundkeeper may provide suggestions that Pacific Pile must consider and provide written

CONSENT DECREE
No. 2:22-cv-00848-KKE
4

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1

2
responses for suggestions it chooses not to incorporate.

3
    d.  Within five years of the entry of this Consent Decree, Pacific Pile will install,

4
and have fully operational, an active stormwater treatment system (Clear

5
Water, WaterTectonics, or equivalent) included in an engineering report

6
approved by the Department of Ecology to treat all stormwater discharge

7
from the facility yards located at 523 and 582 South Riverside Drive (the

8
Maintenance Yard), 700 South Riverside Drive (the Main Yard) including

9
the triangular yard at 740 South Holden Street, as well as the portion of 707

10
South Riverside Drive known as the Laydown Yard (also known as the

11
unnumbered lot at the eastern terminus of South Riverside Drive). This

12
includes grading and paving these sites and all necessary infrastructure

13
improvements required to tie the active stormwater treatment system to a

14
stormwater conveyance system.

15
    e.  Within five years of the entry of this Consent Decree, Pacific Pile will install,

16
and have fully operational, a passive stormwater treatment system (Clear

17
Water or equivalent) included in an engineering report approved by the

18
Department of Ecology to treat all stormwater discharge from the 620 South

19
Riverside Drive, Seattle, WA 98108.

20
    f.  Pacific Pile will adhere to the following milestones for implementation of

21
the treatment systems referenced herein at paragraph 7.d and 7.e:

22
        i.  Complete survey and preliminary design necessary for the

23

CONSENT DECREE
No. 2:22-cv-00848-KKE
5

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

installation of the new advanced stormwater treatment systems described in paragraphs 7.d and e by no later than September 30, 2024.

ii. Complete the pre-application process with the City of Seattle for the installation of the new advanced stormwater treatment systems described in paragraphs 7.d and e by no later than December 31, 2024.

iii. Complete a Level Three Corrective Action engineering report for the Facility by no later than January 31, 2028.

iv. Obtain all permits necessary for the installation and operation of the new advanced stormwater treatment systems described in paragraphs 7.d and e by no later than March 31, 2028.

v. Complete construction and begin operation of the new advanced stormwater treatment systems described in paragraphs 7.d and e within five years of the entry of this Consent Decree.

g. By October 31, 2023, Pacific Pile will:

i. Place and maintain socks containing either biochar or zeolite at the points in the yards that discharge or overflow to the river and street.

ii. Install low berms or speed bumps to keep runoff from going onto the public street.

h. By no later than November 30, 2023, Pacific Pile will take inventory of all

CONSENT DECREE
No. 2:22-cv-00848-KKE
   6

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

potentially polluting materials and equipment and isolate them from contact with rainfall and runoff by placing them undercover and/or elevating them from the flow paths.

i.  By December 31, 2023, Pacific Pile will line the Main Dock (as identified on Pacific Pile's site map attached hereto as Exhibit 1) and direct the stormwater discharge landward.

j.  Within thirty (30) days after installing the new advanced stormwater treatment systems pursuant to paragraphs 7.d and e, Pacific Pile will have a certified stormwater professional conduct an audit of Pacific Pile's best management practices ("BMP") at the Facility to identify required and recommended permanent BMPs.

   i.  The certified stormwater professional will identify the BMPs selected in a written report no later than fourteen (14) days after the audit is conducted.

   ii.  Pacific Pile will provide Soundkeeper with a draft of the BMP audit report within fourteen (14) days of the completion of the audit report. Pacific Pile will allow Soundkeeper fourteen (14) days to review the draft, during which time Soundkeeper may provide suggestions that Pacific Pile will consider and for which it will provide written responses as to any of Soundkeeper's recommendations it chooses not to incorporate.

CONSENT DECREE
No. 2:22-cv-00848-KKE
7

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

iii.  Pacific Pile will implement all the BMPs identified in the BMP audit report at the Facility within thirty (30) days of receiving Soundkeeper's feedback.

iv.  Pacific Pile will add the implemented BMPs from the BMP audit report to its Stormwater Pollution Prevention Plan ("SWPPP") within thirty (30) days of implementation and provide Soundkeeper with a copy of the revised SWPPP within ten (10) days of the revision.

k.  Pacific Pile will revise its SWPPP with assistance of a qualified consultant as follows:

i.  Pacific Pile will revise the SWPPP (and site map) to accurately reflect current site conditions at the Facility (including adding 620 South Riverside Street and 740 South Holden Street), add the date the SWPPP was last updated to the footer of each page, and sign and certify the SWPPP by December 31, 2023. Pacific Pile will provide Soundkeeper with a copy of the revised SWPPP within ten (10) days of the revision.

ii.  Pacific Pile must update the SWPPP to include the Facility's new conveyance system and stormwater treatment systems within thirty (30) days of installing the new advanced stormwater treatment systems pursuant to paragraphs 7.d and e, and provide Soundkeeper

CONSENT DECREE
No. 2:22-cv-00848-KKE
8

with a copy of the revised SWPPP within ten (10) days of the revision. Pacific Pile will add the date the SWPPP is updated to the footer of each page, and sign and certify the SWPPP.

l.   Pacific Pile will make the following sampling improvements to its Facility:

    i.   Pacific Pile will clean all sampling wells at least once per month starting immediately upon entry of this Consent Decree.

    ii.   Within thirty (30) days of entry of this Consent Decree, Pacific Pile will inquire with Department of Ecology regarding moving the sampling location on the Main Dock.

        i.   If Ecology directs Pacific Pile to move the sampling point, Pacific Pile will do so within thirty (30) days following Ecology's direction. Pacific Pile will then submit a Sample Point Update form to Ecology for the new sampling location on the Main Dock within thirty (30) days. Pacific Pile will also update the SWPPP to include the new Main Dock sampling location within thirty (30) days after moving the sampling location and provide Soundkeeper with a copy of the revised SWPPP within ten (10) days of the revision.

    iii.   Beginning in the quarter in which the treatment systems identified in Paragraphs 7.d and e of this Consent Decree are completed, Pacific Pile will begin quarterly sampling pursuant to the terms of the ISGP

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

at two (2) representative sampling locations at the 620 S. Riverside Drive portion of the Facility. One sampling location will be where the treatment system (as described in paragraph 7.e) discharge point is located and the other will be on the dock.

    iv.  Pacific Pile will submit Sample Point Update forms to Ecology for all new sampling locations within thirty (30) days of the new treatment systems becoming operational.

m. Pacific Pile will host Soundkeeper and its stormwater expert on a site visit within ninety (90) days of completing the implementation of the stormwater treatment systems identified in paragraphs 7.d and e of this Consent Decree.

8.    Pacific Pile will pay $30,000 (THIRTY THOUSAND DOLLARS) for Soundkeeper's review of the draft BMP audit report, engineering report, site visit, and monitoring Pacific Pile's compliance with this Consent Decree, within thirty (30) days of receipt of each invoice by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Alyssa Koepfgen.

9.    Pacific Pile is subject to a stipulated payment in lieu of penalty of $500,000 (FIVE HUNDRED THOUSAND DOLLARS) to the Rose Foundation if the advanced stormwater treatment systems required by paragraphs 7.d and e of this Consent Decree are not installed and operational within (5) years of the date of entry of this Consent Decree. The payment will be made within thirty (30) days thereafter as directed in paragraph 10 of this Consent Decree.

CONSENT DECREE
No. 2:22-cv-00848-KKE
  10

10.     Payment in Lieu of Penalty: Within thirty (30) days of entry of this Consent Decree, Pacific Pile will pay $375,000 (THREE HUNDRED AND SEVENTY-FIVE THOUSAND DOLLARS) to the Rose Foundation. The check will be made to the order of the Rose Foundation and delivered by check made payable to: the Rose Foundation for Communities and the Environment, Attention: Tim Little, 201 4th Street, Suite 102, Oakland, California 94707. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Puget Soundkeeper Alliance v. Pacific Pile & Marine, L.P., W.D. Wash. No. 2:22-cv-00848." Payment will be for the sole use for projects that benefit water quality in the central Puget Sound and Duwamish River watershed, as described in Exhibit 2 to this Consent Decree. The Rose Foundation will give priority consideration to a portion of the funding to any grant requests received from Maritime High School provided those grant requests are for projects which benefit the water quality of the central Puget Sound and Duwamish River watershed. Simultaneously, Pacific Pile will send a copy of each of the checks and cover letters, if any, to Soundkeeper and its counsel. The Rose Foundation will notify Pacific Pile of the identity of the recipient(s) of grants funded using the $375,000 paid by Pacific Pile.

11.     Within thirty (30) days of entry of this Consent Decree by the Court, Pacific Pile will pay $570,000 (FIVE HUNDRED AND SEVENTY THOUSAND DOLLARS) to Soundkeeper to cover Soundkeeper's litigation fees, expenses, and costs (including reasonable attorneys and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Alyssa Koepfgen.

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

12.     The parties will confer in good faith to draft and issue a joint press release regarding the settlement of this matter pursuant to this Consent Decree. In the event that the parties cannot agree on a joint press release, neither party is prohibited from issuing its own press release. Neither party is prohibited in any way from speaking to the media.

13.     A force majeure event is any event outside the reasonable control of Pacific Pile that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Pacific Pile timely notifies Soundkeeper of the event, the steps that Pacific Pile will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

14.     Pacific Pile will notify Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but in any case, no later than fifteen (15) days after Pacific Pile becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a.     Acts of God, war, insurrection, or civil disturbance;

b.     Earthquakes, landslides, fire, floods;

c.     Actions or inactions of third parties over which Pacific Pile has no or limited control;

CONSENT DECREE
No. 2:22-cv-00848-KKE
12

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

d.    Unusually adverse weather conditions;

e.    Restraint by court order or order of public authority;

f.    Strikes;

g.    Any permit or other approval sought by Pacific Pile from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Pacific Pile has timely and in good faith sought the permit or approval;

h.    Litigation, arbitration, or mediation that causes delay;

i.    Epidemics and pandemics, including but not limited to, COVID-19 related delays;

j.    Supply chain issues and delays.

15.    This Court retains jurisdiction over this matter, while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. The

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any additional court proceedings necessary to enforce the terms and conditions of this Consent Decree.

16.     The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the parties, Soundkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

17.     This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates five (5) years after that date or thirty (30) days after completion of all the terms herein, whichever is later.

18.     Both Parties have participated in drafting this Consent Decree.

19.     This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

20.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

21.     Notifications required by this Consent Decree must be in electronic file format and delivered via email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the email addresses listed below.

**If to Puget Soundkeeper Alliance**:

Emily Gonzalez
Puget Soundkeeper Alliance
130 Nickerson Street, Suite 107
Seattle, WA 98109
Email: emily@pugetsoundkeeper.org

**And to**:

Savannah Rose
Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
Email: savannah@smithandlowney.com

**If to Pacific Pile:**

Wilbur "JC" Clark
Pacific Pile & Marine, L.P.
700 S Riverside Dr.
Seattle, WA 98108
Email: jc@pacificpile.com

**And to:**

Connie Sue Martin
Michael J. Mahoney
Schwabe, Williamson & Wyatt, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
mmahoney@schwabe.com

Any party identified in the notice provisions above may affect a change in the notice address by

CONSENT DECREE
No. 2:22-cv-00848-KKE
15

providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided by e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

22.     The clerk is directed to TERMINATE the motions pending in this matter (Dkt. Nos. 19, 24, 26, 30) and administratively close this case.

DATED this day of December 20, 2023.

Kymberly K. Evanson
United States District Judge

CONSENT DECREE
No. 2:22-cv-00848-KKE
16

1

2

3   Presented by:

4   SCHWABE, WILLIAMSON & WYATT, P.C.      SMITH & LOWNEY, PLLC

5   By _____      By _____
    Connie Sue Martin, WSBA #26525      Richard A. Smith, WSBA #21788
6   Michael J. Mahoney, WSBA #58906      Alyssa Koepfgen, WSBA #46773
    *Attorneys for Defendant Pacific Pile &*      Katelyn J. Kinn, WSBA #42686
7   *Marine, L.P.*      Savannah Rose, WSBA #57062
    *Attorneys for Plaintiff Puget Soundkeeper Alliance*

8   PACIFIC PILE & MARINE, L.P.      PUGET SOUNDKEEPER ALLIANCE

    By _____      By _____
9   Wilbur "JC" Clark      Sean Dixon
    Chief Operating Officer      Executive Director

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CONSENT DECREE
No. 2:22-cv-00848-KKE
17

Exhibit 1

PORTION OF THE S 1/2, SEC. 29, TWP 24 N., R. 4 E., W.M.

# PACIFIC PILE & MARINE
## SITE MAP











PACIFIC PILE & MARINE
582 SOUTH RIVERSIDE DRIVE

SITE MAP

MAP

Exhibit 2



**201 4TH STREET, SUITE 102**
**OAKLAND, CALIFORNIA 94607**
**TELEPHONE 510.658.0702**

October 17, 2023

Byrn Bowen, Paralegal Specialist
United States Department of Justice
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re: Puget Soundkeeper Alliance v. Pacific Pile & Marine, L.P.

Dear Ms. Bowen,

This letter is intended to provide assurance that I have received the Consent Decree between the above parties, and that I am authorized by my Executive Director and Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation should receive funds from Pacific Pile & Marine as specified in the Consent Decree.
2) The Rose Foundation shall only use these Pacific Pile & Marine funds for projects that benefit water quality in the central Puget Sound and Duwamish River watershed, with priority consideration for a portion of the funding to any grant requests received from Maritime High School provided those grant requests are for projects which benefit the water quality of the central Puget Sound and Duwamish River watershed.
3) Due to the disproportionate impact of pollution (from facilities such as Pacific Pile & Marine) to low-income neighborhoods and communities of color, in selecting grantees the Rose Foundation shall prioritize projects which benefit vulnerable populations in that area and associated reaches of the central Sound.
4) After funds are dispersed, the Rose Foundation shall send a report to the Justice Department and the Settling Parties setting forth the recipient and purpose of the funds and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**
The Rose Foundation is a 501(c)(3) public charity (tax ID#94-3179772). Its mission is to support grassroots initiatives to inspire community action to protect the environment, consumers and public health. To fulfill this mission, the Rose Foundation conducts the following activities:

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations. The Foundation does not support political lobbying activities prohibited by Section 501(c)(3) of the IRS Code.

rosefdn.org





- Work directly in schools and in the community to encourage environmental stewardship and civic participation.

- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

Within this broad range of activities, all the Rose Foundation's work revolves around one or more of the following strategic themes:

- Build and maintain a bridge between the community and organized philanthropy.

- Protect the natural environment, public health, and consumer rights.

- Promote collaboration between labor, environmental, business, consumer and social interests.

- Cultivate a new generation of environmental stewards and social policy leaders.

- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water, and individual dignity and privacy.

The Rose Foundation is governed by a Board of Directors.  Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then make recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Maze and Associates are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require.  Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or jisaacs@rosefdn.org.

Sincerely,

Jodene Isaacs,
Mitigation Funds Director